**UNITED STATES DISTRICT COURT**
for the
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Shelia Snyder )<br>    *Plaintiff* )<br>         )<br>v.                        )<br>         )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>         )<br>_____) | Case No. 3:13-cv-00454-TBR |

**FIRST AMENDED COMPLAINT**
**and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.      This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant, Portfolio Recovery Associates, LLC ("PRA"), violated the FDCPA by filing suit against Plaintiff, Sheila Snyder, by filing suit on a debt barred by the applicable statute of limitations in the Hardin District Court. PRA also sent a dunning letter to Ms. Snyder after Ms. Snyder's counsel moved to dismiss the Hardin District Court lawsuit. The dunning letter also dded over $400.00 in fees and interest in excess of the amount demanded in the state-court lawsuit, which it had filed about two months earlier. These and other acts by PRA violate the FDCPA.

**PARTIES**

2.      Plaintiff, Sheila Snyder, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Hardin County, Kentucky.

3.      Defendant, Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

4.      PRA regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTS

5. Ms. Snyder is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3) and within the meaning of the Kentucky Consumer Protection Act.

6. PRA filed suit against Ms. Snyder in Hardin District Court on February 21, 2013 in Case No. 13-C-60164. (A copy of the Complaint is attached as Exhibit "A").

7. PRA's complaint against Ms. Snyder was based on an alleged debt on a credit card issued by Capital One Bank (USA), NA ("Capital One") with an account number ending in 0165.

8. PRA's state-court complaint alleged that Ms. Snyder was indebted to PRA in the amount of $1,195.23.

9. Ms. Snyder used the Capital One credit card to purchase goods and services used for personal or household purposes, making PRA's state-court complaint an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10. According to the "Statement of Account" attached to PRA's Complaint, the last payment on the Capital One credit card account at issue was made on April 28, 2008. Consequently, Capital One's cause of action accrued against Ms. Snyder no later than the payment due date the following month.

11. So Capital One's cause of action against Ms. Snyder accrued no later than May 28, 2008, which is about four years and nine months before PRA filed its Complaint in this case.

12. As Capital One's assignee, PRA's cause of action against Ms. Snyder derives from Capital One's cause of action against Ms. Snyder.

13. As an assignee, PRA was subject to all defenses Ms. Snyder may have or had against Capital One.

14. Capital One Bank (USA), N.A. is a Virginia corporation, which is headquartered in McLean, Va.

15. Capital One's, and hence, PRA's cause of action against Ms. Snyder, if any, accrued in Virginia because the economic injury occurred in Virginia when Ms. Snyder allegedly failed to make required payments on his credit card account.

16. Under Virginia law, credit card debt is subject to a three-year statute of limitations. *Delrey v. Capital One Bank*, 08-514 AP, 2009 WL 5103229 (Fla. Cir. Ct. July 7, 2009)

17. Under a straightforward application of Kentucky's borrowing statute, PRA's claim against Ms. Snyder was subject to Virginia's three-year statute of limitations.

18. PRA filed suit against Ms. Snyder more than four years and nine months after its

cause of action accrued against Ms. Snyder, and therefore, PRA's claim against Ms. Snyder was barred by Virginia's three-year statute of limitations.

19. On March 12, 2013, Ms. Snyder moved to Dismiss PRA's Complaint with Prejudice on grounds that PRA's claims were barred by Virginia's three-year statute of limitations.

20. Ms. Snyder, by counsel, timely served PRA's counsel with a copy of the motion to dismiss.

21. The Hardin District Court initially agreed with Ms. Snyder and dismissed PRA's complaint with prejudice on March 26, 2013.

22. But the Hardin District Court subsequently granted PRA's motion under Ky. R. Civ. P. 60.02 to set aside the order dismissing.

23. The motion to dismiss was recently argued in Hardin District Court and is currently pending a decision by the court.

24. On April 17, 2013, PRA sent Ms. Snyder a dunning letter. (A copy of the April 17th dunning letter is attached as Exhibit "B").

25. PRA's April 17th dunning letter stated that Capital One was the original creditor on the debt and listed a Capital One account number that ended in 0165.

26. So PRA's April 17th dunning letter concerned the same charged-off Capital One credit card de at issue in the state-court lawsuit that PRA filed against Ms. Snyder on February 21, 2013.

27. PRA sent Ms. Snyder the April 17th dunning letter about a month *after* Ms. Snyder served the motion to dismiss its state-court lawsuit.

28. At the time that PRA mailed the April 17th dunning letter, PRA was on clear and plain notice that Ms. Snyder was represented by counsel with respect to the debt at issue in the letter.

29. PRA's April 17th dunning letter alleges that the balance due on the debt was $1,620.03, which is over $400.00 more than PRA demanded in its February 21, 2013 complaint.

30. PRA did not and does not have the legal right to accrue over $400.00 in interest and/or fees in less two months.

31. Upon information and belief, PRA does not have a contractual or statutory right to accrue interest on Ms. Snyder's charged-off Capital One credit card debt.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

32. The above-described actions by PRA constitute violations of the Fair Debt Collection Practices Act.

33. Defendant's, Portfolio Recovery Associates, LLC, violations of the FDCPA include, but are not limited to, the following:

    **a.** Violation of 15 U.S.C. § 1692c(a)(2): PRA communicated directly with Ms. Snyder in the April 17, 2013 dunning letter after it was on clear and plain notice that Ms. Snyder was represented by counsel with respect to the debt at issue in the letter.

    **b.** Violation of 15 U.S.C. §1692e(2)(A): PRA falsely represented that Ms. Snyder owed over $400.00 in interest and/or fees it included in the alleged balance due stated in the April 17, 2013 dunning letter;

    **c.** Violation of 15 U.S.C. §1692e(5): PRA brought suit in Hardin District Court against Ms. Snyder on a claim that was barred by the applicable statute of limitations; and

    **d.** Violation of 15 U.S.C. §1692f(1): PRA attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, (i) by bringing suit in Hardin District Court against her on a claim that was barred by the applicable statute of limitations, and (ii) accruing interest and/or fees on Ms. Snyder's debt to which it had neither a contractual nor statutory right to impose.

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and against Defendant, Portfolio Recovery Associates, LLC:

1. The maximum amount of statutory damages provided under 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs; and

3. Such other and further relief as is appropriate.

Respectfully submitted,

_____
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com